Wright, J.,
delivered the opinion of the Court..
The decree of the Chancellor in this case is erroneous. We lay out of view altogether the allegations of fraud, contained in the answer of George W. Cook, because they are not supported by any proof whatever. We will first inquire as to the equities between complainant and the said George W.
The facts are, that William C. Dew had sold to the complainant a lot of ground near the town of Lebanon, and had given him a bond for the title, upon payment of the purchase money. This lot the complainant afterwards, and on the 8th of January, 1851, sold to the defendant, George W. *720 Cook, who was to complete the payment to Dew, and take a deed from him, the complainant having assigned to Cook Dew’s bond for title In addition to the payment to be made Dew, Cook, as a further consideration for the lot, was to pay complainant a considerable sum of money, to secure which he executed to him various notes, one of which, for the sum of $200.00, yet remains unpaid. This note bears date the 8th of January, 1851, is due the 1st of June, 1855, and carnes interest from the 1st of January, 1852. George W. Cook executed to the complainant a writing, under seal, in which, after reciting the purchase of the lot, and describing it; and that it had been sold to him, with warranty against all claims, but the equity in favor of Dew, bound himself to give complainant, whenever the said Dew should make him a clear title to the same, a mortgage, or lien upon said lot, for such portion of the purchase money as should remain unpaid ; or, in the event he might wish to transfer said lot, that then it should be bound for said unpaid money, unless the same be paid, or amply, secured to the satisfaction of the complainant. This writing, in the transcript, is made to bear date the 9th of July, 1851; but this is, no doubt, a clerical error, as the attesting witness, Drifoos, with it before him, speaks of it as dated the 9th of January, 1851, and so are the pleadings. And though the sale yms made on the 8th of January, and the note bears that date, and the defendant, in his answer, states this writing was not executed till a day or two after, yet we take it for granted it was, in truth, made cotemporaneously with the sale; because it so states upon its face, and for other reasons apparent in the record. But we do not perceive how this becomes material in this case.
George W. Cook afterwards paid Dew the balance of the purchase money coming to him; and on the 19th of June, 1852, took his deed in fee to the lot, and the same was duly registered on the 23d of March, 1853 ; but he failed to execute to complainant any further mortgage, or lien, and the writing binding him to do so, was never registered.
*721 This bill was filed the 30th of May, 1855, to have satisfaction of the note, out of the lot. We think the complainant, as between him and George W. Cook, is entiled to the relief sought. It was his duty to have executed to complainant the mortgage so soon as he took the deed from Dew. A court of equity considers what ought to have been done, as done. The covenant must have the same effect as an unregistered mortgage. Read v. Gaillord, Adm’r, 2 Desaus. Rep., 552-6.
Do not the other defendants stand in the shoes of George W. Cook? We think they do ; and that they cannot claim the attitude of bona fide innocent purchasers, without notice. As to them the facts are these: George W. Cook, on the 23d of March, 1853, executed a deed of trust conveying part of the lot to David Cook, Sr., in trust for the payment of sundry pre-existing debts, and it was proved and registered on the same day. It does not appear that the parties taking this deed, at the time of its execution, had actual notice of complainant’s equity, and they deny that they had; but it does appear that the day after the deed was made they did have such notice, and, in effect, promised to pay complainant the note ; and, afterwards, at the sale by the trustee, complainant was present and gave express notice of his claim to. David Cook, jr., the purchaser, and others. He in fact forbid the sale, in consequence of which the lot only brought $150.00. This sale was in 1853, and we take it David Cook, jr., the purchaser, in that year, paid the trustee, and that he paid the beneficiaries in the deed, which seems to have been made to secure debts for which the said David Cook, sr., and jr., were liable as the stayors of the said George W., he béing the son of the former, and brother of the latter.
The other part of the lot appears to have been sold by George W. Cook to John R. Debow, and it was sold, by decree of the chancery court, as his property, in the spring of 1854, and purchased by the defendant, B. J. Tarver, at *722 the price of $855.00 ; for which he gave his notes in equal sums at one and two years; one of which is paid, and the other not. When he made this payment, and whether before, or after the bill was filed, nowhere appears; nor is there any allegation on the subject. Nor does it appear, nor is it averred, how the said Debow became the purchaser, whether by deed, or bond, or that he ever paid any thing. Nor does Tarver attempt to set up that Debow occupied the position of an innocent purchaser. As to the defendants, David Cook, sr., and jr., who took the deed of trust, and must be regarded as the purchasers of the part of the lot embraced in it, it has been repeatedly held that even the conveyance of land in payment of an antecedent debt, does not put the grantee in the position of a purchaser for value, nor entitle him to the protection of a court of equity, as against prior equities, either under the rules of the English chancery practice, or by the registry laws. Much less can it have this effect where the conveyance is in trust, as collateral security for pre-existing debts. Notes to Bosset v. Nosworthy, Leading Cases in Eq., 104 to 111; Dickson v. Tillinghast, 4 Paige, 215; Brown v. Vanlier et al., 7 Hum., 239.
Then they are not protected by the deed of trust and could mot be by any thing that happened afterwards, as they had full notice of complainant’s equity. This is the case of. a lien in the nature of a mortgage, and the remark of the court in Green v. Demoss, 10 Hum., 875, does not apply. We consider the mortgage as executed at the date of Dew’s deed.
There is still less ground to protect Tarver as an innocent purchaser. He has not completed his purchase, or paid the purchase money. And we may remark that none of the answers contain such averments as are required for the protection of defendants, and in truth could not. 1 Meigs’ Dig., 244-5.
If complainant be indebted to George W. Cook, as he allegth, it should be abated from the sum due complainant.
*723 The decree of the chancellor will be reversed, and a decree given for complainant; and a reference ordered to ascertain the sum due.